**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KIARAN SHADOWBOLT, Derivatively and on Behalf of FIREFLY AEROSPACE INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, MARC WEISER, JED MCCALEB, THOMAS ZURBUCHEN, CHRISTOPHER EMERSON, RYAN BOLAND, PAMELA BRADEN, JON LUSCZAKOSKI, and KEVIN MCALLISTER<br><br>Defendants,<br><br>and<br><br>FIREFLY AEROSPACE INC.,<br><br>Nominal Defendant. | Case No. 1:25-cv-02126-DAE |

| | |
|---|---|
| MATTHEW SHAW, Derivatively and on Behalf of FIREFLY AEROSPACE INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, MARC WEISER, THOMAS ZURBUCHEN, CHRISTOPHER EMERSON, RYAN BOLAND, PAMELA BRADEN, JON LUSCZAKOSKI, and KEVIN MCALLISTER<br><br>Defendants,<br><br>and<br><br>FIREFLY AEROSPACE INC.,<br><br>Nominal Defendant. | Case No. 1:26-cv-02187-DAE |

**ORDER GRANTING**
**JOINT MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND REAPPLY THE STAY IN THE FIRST ACTION TO THE CONSOLIDATED ACTION, AND PLAINTIFFS' MOTION TO APPOINT CO-LEAD COUNSEL**

Before the Court is the joint motion (the "Motion") of Nominal Defendant Firefly Aerospace Inc. ("Firefly"), Individual Defendants Jason Kim, Darren Ma, Remington Wu, Jordi Paredes Garcia, Kirk Konert, Thomas Markusic, Marc Weiser, Jed McCaleb, Thomas Zurbuchen, Christopher Emerson, Ryan Boland, Pamela Braden, Jon Lusczakoski, and Kevin McAllister (collectively, the "Individual Defendants," and together with Firefly, the "Defendants"), and Plaintiffs Kiaran Shadowbolt and Matthew Shaw (collectively, "Plaintiffs," and together with Defendants, the "Parties") for entry of an order consolidating the above-captioned cases (the "Related Derivative Actions") and reapplying the stay currently in place in the action captioned *Shadowbolt v. Kim, et al.*, Case No. 1:25-cv-02126-DAE (the "*Shadowbolt* Action") to the consolidated action. In addition, Plaintiffs respectfully move for the entry of an order appointing co-lead counsel, as to which Defendants take no position. Upon consideration, and for good cause, the Motion is GRANTED as follows:

**CONSOLIDATION**

1. On February 10, 2026, the Court entered an order (the "*Shadowbolt* Stay Order") staying the *Shadowbolt* Action pending the resolution of *In re Firefly Aerospace Inc. Securities Litigation*, Case No. 1:25-cv-01812 (*Shadowbolt* Action, Dkt. # 10). The *Shadowbolt* Stay Order is temporarily lifted for the limited and exclusive purpose of the filing of this Joint Motion and the Court entering a ruling thereon. For the avoidance of doubt, the temporary lifting of the *Shadowbolt* Stay Order shall not require any Defendant to answer, move to dismiss, or otherwise respond to the complaint in the *Shadowbolt* Action, which deadlines shall remain stayed pursuant to the terms of the *Shadowbolt* Stay Order.

2. The undersigned counsel for Defendants hereby accepts service of the complaint in *Shaw v. Kim, et al*., Case No. 1:26-cv-02187-DAE (the "*Shaw* Action") on behalf of Firefly and the Individual Defendants named in the *Shaw* Action, provided, however, that the acceptance of service shall not waive any rights, claims, and defenses belonging to Defendants, other than a defense as to the sufficiency of service of process. For the avoidance of doubt, Defendants' reservation of rights, claims, and defenses includes, without limitation, any and all defenses on the merits, any and all jurisdictional defenses, any and all motions to dismiss, including pursuant to the doctrine of *forum non conveniens*, any and all motions to transfer, any and all other motions that seek relief based on Article 11, Section 1 of the Company's Certificate of Incorporation, and any and all other rights, claims, and defenses.

3. The following actions shall be consolidated for all purposes, including pre-trial proceedings and trial, into one action, under Lead Case No. 1:25-cv-02126-DAE (the "Consolidated Derivative Action"), without prejudice to the right of any Defendant to move to sever the claims against it should future circumstances warrant:

| **Case Name** | **Case No.** | **Date Filed** |
|---|---|---|
| *Shadowbolt v. Kim, et al.* | 1:25-cv-02126-DAE | December 23, 2025 |
| *Shaw v. Kim, et al.* | 1:26-cv-02187-DAE | August 7, 2026 |

4. Every pleading filed in the Consolidated Derivative Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE FIREFLY AEROSPACE INC. DERIVATIVE LITIGATION | ) ) ) ) | Lead Case No. 1:25-cv-02126-DAE<br><br>(Consolidated with Case No. 1:26-cv-02187-DAE) |
| This Document Relates To:<br><br>ALL ACTIONS | ) ) ) | |

5. The files of the Consolidated Derivative Action will be maintained in one file under Lead Case No. 1:25-cv-02126-DAE. All papers shall be filed in Lead Case No. 1: 25-cv-02126-DAE, and all papers and documents previously filed and/or served in the Related Derivative Actions, shall be deemed part of the record in the Consolidated Derivative Action.

6. This Order shall apply to any purported stockholder derivative action on behalf of nominal defendant Firefly arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action that is subsequently filed in, removed to, or transferred to this Court ("Additional Related Action"). If an Additional Related Action that properly belongs as part of *In re Firefly Aerospace Inc. Derivative Litigation*, Lead Case No. 1:25-cv-02126-DAE, is hereafter filed in this Court, removed to this Court, or transferred here from another court, the Parties shall promptly call to the attention of the Clerk of the Court the filing, removal, or transfer of any case that might properly be consolidated as part of *In re Firefly Aerospace Inc. Derivative Litigation*, Lead Case No. 1:25-cv-02126-DAE, and counsel are to assist in ensuring that counsel in any such Additional Related Actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later-filed Additional Related Actions, and any such Additional Related Action shall be consolidated into the Consolidated Derivative Action.

7. During the pendency of the stay, Defendants shall promptly notify Plaintiffs if and once they become aware of any Additional Related Action.

## APPOINTMENT OF CO-LEAD COUNSEL

8. Co-Lead Counsel for Plaintiffs ("Co-Lead Counsel") in the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Saadia Hashmi
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
(516) 922-5427
shashmi@thebrownlawfirm.net

**KUEHN LAW, PLLC**
Justin A. Kuehn
Molly J. Brown
53 Hill Street, Suite 605
Southampton, New York 11968
(833) 672-0814
justin@kuehn.law
molly@kuehn.law

9. Defendants take no position on the selection of lead counsel or the appointments set forth above.

10. Co-Lead Counsel shall have sole authority to speak for plaintiffs in the Consolidated Derivative Action on all matters regarding pre-trial procedure, trial, and settlement and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Derivative Action and to avoid duplicative or unproductive effort.

11. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Derivative Action. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff in the Consolidated Derivative Action except through Co-Lead Counsel.

12. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

**STAY OF PROCEEDINGS**

13. The terms of the *Shadowbolt* Stay Order shall apply to the Consolidated Derivative Action in its entirety.

14. Notwithstanding the stay of proceedings in the Consolidated Derivative Action, Plaintiffs may file an amended, consolidated complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). For the sake of clarity, the filing of a consolidated complaint or designation of one complaint to serve as an operative complaint for the Consolidated Derivative Action shall not be deemed to be an amendment pursuant to Fed. R. Civ. P. 15(a)(1), and, if no amended complaint is filed during the pendency of the stay, this provision shall have no effect on Plaintiffs' ability to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1) thereafter. Defendants shall have no obligation to answer, move to dismiss, or otherwise respond to the complaints initially filed in the *Shadowbolt* or *Shaw* Actions; any amended, consolidated complaint that may be filed in the Consolidated Derivative Action during the pendency of the stay; or any complaint filed in an Additional Related Action that is consolidated into the Consolidated Derivative Action.

15. Nothing herein shall be deemed to constitute a waiver of any claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Consolidated Derivative Action. For the avoidance of doubt, if and when this stay is lifted, Defendants will retain all rights reserved to them pursuant to Paragraph 3 of the *Shadowbolt* Stay Order and Paragraph 2 above.

SIGNED this 18th day of September 2026.

David Alan Ezra
Senior United States District Judge